## IN THE UNITED STATES DISTRICT COURT
## FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| **JAKE GENTLE** | ) |
| | ) |
| **Plaintiff,** | ) |
| **v.** | ) |
| | )   **Civil Action No.** |
| **TRANS UNION, LLC** | ) |
| **and** | ) |
| **EXPERIAN INFORMATION** | ) |
| **SOLUTIONS, INC.** | ) |
| | ) |
| **Defendants.** | ) |
| | ) |

## COMPLAINT

### I.    Preliminary Statement

1.    This is an action for damages brought by an individual consumer against the Defendants for violations of the Fair Credit Reporting Act (hereafter the "FCRA"), 15 U.S.C. § 1681 *et seq.*, *as amended,* and other state laws.

### II.    Jurisdiction and Venue

2.    Jurisdiction of this Court arises under 15 U.S.C. § 1681p, 28 U.S.C. §§ 1331 and 1337 and supplemental jurisdiction exists for the state law claims pursuant to 28 U.S.C. §1367.

3.    Venue lies properly in this district pursuant to 28 U.S.C. §1391(b).

### III.    Parties

4.    Plaintiff Jake Gentle is an adult individual who resides at 57 Chase, Pocatello, ID 83201.

5.    Defendant, Trans Union, LLC (hereafter "Trans Union"), is a business entity which regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 1510 Chester Pike, Crum Lynne, PA 19022.

6.      Defendant Experian Information Solutions, Inc. (hereafter "Experian") is a business entity that regularly conducts business in Philadelphia County, Pennsylvania, and which has a principal place of business located at 5 Century Drive, Parsippany, New Jersey 07054.

## IV.      Factual Allegations

7.      Defendants have been reporting derogatory and inaccurate statements and information relating to Plaintiff and Plaintiff's credit history to third parties (hereafter the "inaccurate information").

8.      The inaccurate information includes, but is not limited to, accounts with Citibank, and American Express.

9.      The inaccurate information negatively reflects upon the Plaintiff, Plaintiff's credit repayment history, Plaintiff's financial responsibility as a debtor and Plaintiff's credit worthiness. The inaccurate information consists of accounts and/or tradelines that do not belong to the Plaintiff, or which misrepresent the payment history and/or status of accounts that do belong to the Plaintiff as well as incorrect personal identifying information.

10.      Defendants have been reporting the inaccurate information through the issuance of false and inaccurate credit information and consumer credit reports that they have disseminated to various persons and credit grantors, both known and unknown.

11.      Plaintiff has repeatedly disputed the inaccurate information with the Defendants by both oral and written communications to their representatives and by following Defendants' established procedures for disputing consumer credit information.

12.      Plaintiff has repeatedly disputed the inaccurate information with Defendants on multiple occasions, including but not limited to, from May of 2009 through the present.

13. In addition to repeatedly disputing the inaccurate information, Plaintiff has provided Defendants with extrinsic written documentation corroborating Plaintiff's disputes.

14. Notwithstanding Plaintiff's efforts, Defendants have sent Plaintiff correspondence indicating their intent to continue publishing the inaccurate information and Defendants continue to publish and disseminate such inaccurate information to other third parties, persons, entities and credit grantors. Defendants have repeatedly published and disseminated consumer reports to such third parties, including but limited to, May 2009 through the present.

15. Despite Plaintiff's efforts, Defendants have never: 1) contacted the Plaintiff to follow up on, verify and/or elicit more specific information about Plaintiff's disputes; 2) contacted any third parties that would have relevant information concerning Plaintiff's disputes; 3) forwarded any relevant information concerning Plaintiff's disputes to the entities originally furnishing the inaccurate information; and 4) requested or obtained any credit applications, or other relevant documents from the entities furnishing the inaccurate information.

16. Despite Plaintiff's exhaustive efforts to date, Defendants have nonetheless deliberately, willfully, intentionally, recklessly and negligently repeatedly failed to perform reasonable reinvestigations of the above disputes as required by the FCRA, have failed to remove the inaccurate information, have failed to report on the results of its reinvestigations to all credit reporting agencies, have failed to note the disputed status of the inaccurate information and have continued to report the derogatory inaccurate information about the Plaintiff.

17. Plaintiff's credit reports and file have been obtained from Defendants and have been reviewed many times by prospective and existing credit grantors and extenders of credit, and the inaccurate information has been a substantial factor in precluding Plaintiff from receiving many different credit offers and opportunities, known and unknown, and from

receiving the most favorable terms in financing and interest rates for credit offers that were ultimately made.

18.     As a result of Defendants' conduct, Plaintiff has suffered actual damages in the form of (a) lost credit opportunities, (b) harm to credit reputation and credit score, and (c) emotional distress.

19.     At all times pertinent hereto, Defendants were acting by and through their agents, servants and/or employees who were acting within the course and scope of their agency or employment, and under the direct supervision and control of the Defendants herein.

20.     At all times pertinent hereto, the conduct of the Defendants, as well as that of their agents, servants and/or employees, was malicious, intentional, willful, reckless, and in grossly negligent disregard for federal and state laws and the rights of the Plaintiff herein.

## V.     Claims

### COUNT ONE – VIOLATIONS OF THE FCRA
**(Plaintiff v. Defendants)**

21.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

22.     At all times pertinent hereto, Defendants Experian and Trans Union were each a "person" and "consumer reporting agency" as those terms are defined by 15 U.S.C. § 1681a(b) and (f).

23.     At all times pertinent hereto, Plaintiff was a "consumer" as that term is defined by 15 U.S.C. § 1681a(c).

24.     At all times pertinent hereto, the above-mentioned credit reports were "consumer reports" as that term is defined by 15 U.S.C. § 1681a(d).

25.     Pursuant to 15 U.S.C. §1681n and 15 U.S.C. §1681o, Defendants are liable to the Plaintiff for engaging in the following conduct:

(a)     willfully and negligently failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file, in violation of 15 U.S.C. §1681e(b); and

(b)     willfully and negligently failing to conduct a proper and reasonable reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff, in violation of 15 U.S.C. §1681i(a).

26.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, actual damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to the Plaintiff for the full amount of statutory, actual and punitive damages, along with the attorney's fees and the costs of litigation, as well as such further relief, as may be permitted by law.

### COUNT TWO - DEFAMATION
**(Plaintiff v. Defendants)**

27.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

28.     Defendants have published statements both orally and through writing to various creditors, prospective credit grantors, other credit reporting agencies, and other entities that the above-referenced derogatory inaccurate information belong to the Plaintiff.

29.     Defendants have published these statements each time a credit report on the Plaintiff has been requested from any creditor, prospective credit grantors furnisher or other source.

30.     The statements made by Defendants are false in that they inaccurately reflect Plaintiff's credit information and debt repayment history, and paint Plaintiff as financially irresponsible and delinquent.

31.     Defendants have published these statements to at least every single creditor, furnisher or prospective creditor or other entity that has requested Plaintiff's credit report.

32.     Defendants knew that the statements were false when made, and had no factual basis for making the statements, as Plaintiff has notified them repeatedly through writing, telephone communication and extensive documentation that the above inaccurate information was inaccurate for the reasons stated above.

33.     Nonetheless, Defendants continue to publish the false and negative statements concerning the Plaintiff's credit history up through the present time.

34.     The written statements and publications constitute libel per se.

35.     The oral statements and publications constitute slander per se.

36.     In addition, and despite the repeated notices from Plaintiff, Defendants have acted with malice by failing to communicate the information provided to them by Plaintiff to all creditors, prospective creditors, furnishers of information and all other entities to whom it provides credit information concerning the Plaintiff.

37.     Defendants' conduct was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to the Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual damages, compensatory damages and punitive damages, as well as such other relief, permitted under the law.

## COUNT THREE - NEGLIGENCE
### (Plaintiff v. Defendants)

38.     Plaintiff incorporates the foregoing paragraphs as if the same were set forth at length herein.

39.     Defendants' negligence consists of the following:

(a)     Violating the FCRA as set forth above;

(b)     Failing to conduct a proper and reasonable investigation and/or reinvestigation concerning the inaccurate information after receiving notice of the dispute from the Plaintiff;

(c)     Failing to provide prompt notice of the inaccurate information and Plaintiff's dispute to creditors;

(d)     Failing to provide all relevant information provided by the Plaintiff regarding the dispute of the inaccurate information to creditors;

(e)     Failing to review and consider all relevant information submitted by the Plaintiff concerning the dispute of the inaccurate information;

(f)     Failing to delete or correct the inaccurate information from Plaintiff's credit file after investigation and/or reinvestigation;

(g)     Failing to timely and properly investigate the inaccurate information after receiving notice of the dispute from the Plaintiff;

(h)     Failing to employ and follow reasonable procedures to assure maximum possible accuracy of Plaintiff's credit report, information and file;

(i)     Failing to properly and timely delete the inaccurate information from the Plaintiff's credit files despite being unable to verify the accuracy of the information and/or being provided with proof of its inaccuracy; and

(j)     Continuing to report the inaccurate information despite having knowledge of the inaccuracies and/or the inability to be verified.

40.     As a result of Defendants' above mentioned conduct, Plaintiff sustained and continues to sustain the losses and damages as set forth above.

41.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual and compensatory damages, as well as such other relief, permitted under the law.

## COUNT FOUR – INVASION OF PRIVACY/FALSE LIGHT
### (Plaintiff v. Defendants)

42.     Plaintiff incorporates the foregoing paragraphs as though the same were set forth at length herein.

43.     Defendants above actions violated Plaintiff's right of privacy by reporting inaccurate and derogatory information about the Plaintiff and thereby placing him in a false light before the eyes of others, including potential credit grantors and creditors as well as family, friends and the general public.

44.     By such unauthorized invasion, publication and circulation of Plaintiff's name and the inaccurate information, Defendant invaded Plaintiff's right to privacy, subjected Plaintiff to ridicule and contempt, injured Plaintiff's personal esteem, reflected disgracefully on Plaintiff's character, diminished Plaintiff's high standing, reputation and good name among family, friends, neighbors and business associates, destroyed Plaintiff's peace of mind, and caused Plaintiff severe mental and emotional distress.

45.     The conduct of Defendants was a direct and proximate cause, as well as a substantial factor, in bringing about the serious injuries, damages and harm to Plaintiff that are outlined more fully above and, as a result, Defendants are liable to compensate the Plaintiff for the full amount of actual, compensatory and punitive damages, as well as such other relief, permitted under the law.

## VI.   Jury Trial Demanded

46.     Plaintiff demands trial by jury on all issues so triable.

## VII.   Prayer for Relief

WHEREFORE, Plaintiff seeks judgment in Plaintiff's favor and damages against the Defendants, based on the following requested relief:

(a)     Actual damages;

(b)     Statutory damages;

(c)     Punitive damages;

(d)     Costs and reasonable attorney's fees pursuant to 15 U.S.C. §§1681n, and 1681o; and

(e)     Such other and further relief as may be necessary, just and proper.

Respectfully submitted,
**FRANCIS & MAILMAN, P.C.**

BY:     _/s/ Mark D. Mailman_
MARK D. MAILMAN, ESQUIRE
ERIN A. NOVAK, ESQUIRE
Land Title Building, 19th Floor
100 South Broad Street
Philadelphia, PA 19110
(215) 735-8600

Attorneys for Plaintiff

Dated: June 3, 2011